1
2
3
4

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
* * *

5
6
7
8
9
10
11
12

UNITED STATES OF AMERICA,      )
                             )
         Plaintiff,        )        2:07-cr-00014 JCM-(RJJ)
                             )
                             )      REPORT &  RECOMMENDATION
vs.                          )         OF UNITED STATES
                             )         MAGISTRATE JUDGE
                             )    (Defendant's Motion to Dismiss Indictment
                             )    for Unreasonable Delay or Bond Pursuant
RENE OSWALD COBAR,      )    to 18 U.S.C. 3145(c) (#17))
                             )
                             )
         Defendant.      )

13
14
15
16

      This matter came before the undersigned Magistrate Judge for a hearing on Defendant Rene Cobar's Motion to Dismiss (#17).   The Court has considered the Motion (#17), and the Government's Response (#20), in addition to the testimony and arguments presented at the hearing.

17
18

**BACKGROUND**

19
20
21
22

      The government asserts that in September 2003 the DEA began an investigation of Cobar. Using an undercover agent, a series of negotiations occurred regarding the importation of 400 kilograms of cocaine into Las Vegas, Nevada.  Eventually, Cobar was arrested in New York while attempting to launder money through another undercover agent.

**TIME LINE OF EVENTS:**

23
24

*Initial District of Nevada Indictment*

25
26

April 7, 2004          Complaint filed charging Cobar with a violation of 18 U.S.C. §
                          1956(a)(3)(B): Attempt to Commit Money Laundering
                          (2:04-cr-00174-JCM-RJJ (#9, at 27))

27
28

May 5, 2004           Criminal Indictment Returned; Charging Two Counts
                          21 U.S.C. § 841(a)(1), (b)(1)(A)(ii): 18 U.S.C. § 1956(a)(1)(B)(i) & (h)
                          Conspiracy to Distribute a Controlled Substance, cocaine, and
                          Conspiracy to Commit Money Laundering
                          (2:04-cr-00174-JCM-RJJ (#1))

| | | |
|---|---|---|
| May 21, 2004 | Defendant has Initial Appearance/Detained in the District of Nevada<br>Case designated as a complex case<br>Trial date set for July 13, 2004<br>(2:04-cr-00174-JCM-RJJ (#15 & #18))<br>[Defendant was arrested in the Southern District of New York and ordered transported to the District of Nevada] |
| June 3, 2004 | Parties Stipulate to continue trial<br>(2:04-cr-00174-JCM-RJJ (#20)) |
| | The Stipulation stated that "Counsel for defendants have spoken to the defendants, and the defendants have no objection to the requested continuance. The defendants are in custody. Denial of this request for continuance would deny the parties herein sufficient time and the opportunity within which to be able to effectively and thoroughly research and prepare for trial in this case, taking into account the exercise of due diligence. Additionally, denial of this request for continuance would result in a miscarriage of justice. . . . The additional time requested by this stipulation, is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(F) and § 3161(h)(8)(A), considering the factors under 18 U.S.C. § 3161(h)(8)(B)(i) and (iv)." |
| June 7, 2004 | Order granting Stipulation to continue trial<br>New Trial date set for September 28, 2004<br>(2:04-cr-00174-JCM-RJJ (Order #20)) |
| September 22, 2004 | Parties Stipulate to continue trial<br>(2:04-cr-00174-JCM-RJJ (#26)) |
| | The Stipulation stated that "Defense counsel needs additional time to effectively and thoroughly investigate the case. The defendant is incarcerated and does not object to the continuance. The additional time requested herein is not sought for purposes of delay, but merely to allow counsel for defendant sufficient time within which to be able to effectively and thoroughly research, prepare and submit for filing appropriate pretrial motions. Additionally, denial of this request for continuance could result in a miscarriage of justice. The additional time requested by this Stipulation is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, Title 18 U.S.C. § 3161(h)(1)(F) and Title 18 U.S.C. § 3161(h)(8)(A), considering the factors under 18 U.S.C. §§ 3161(h)(8)(B)(i) and 3161(h)(8)(B)(iv). |
| September 30, 2004 | Order granting Stipulation to continue trial<br>Pretrial motions to be filed by October 12, 2004<br>New Trial date set for November 30, 2004<br>(2:04-cr-00174-JCM-RJJ (Order #26)) |
| October 12, 2004 | Cobar filed a Motion to Join co-defendant's Motion to Dismiss Count Two of the Indictment for Lack of Venue (#27)<br>(2:04-cr-00174-JCM-RJJ (Motion for Joinder #28)) |
| October 22, 2004 | Parties Stipulate to continue trial<br>(2:04-cr-00174-JCM-RJJ (#30)) |

| | | |
|---|---|---|
| 1 | | The stipulation stated that "This trial is set for the Monday after |
| 2 | | Thanksgiving.  Counsels will be spending the holiday with their respective families. [sic]  Therefore, the parties request that the trial be continued |
| 3 | | until the second week of January.  Counsel for the defendants have spoken to the defendants, and the defendants have no objection to the requested |
| 4 | | continuance.  The defendants are in custody.  Denial of this request for continuance would deny the parties herein sufficient time and the |
| 5 | | opportunity within which to be able to effectively and thoroughly research and prepare for trial in this case, taking into account the exercise of due |
| 6 | | diligence.  Additionally, denial of this request for continuance would result in a miscarriage of justice. . . . The additional time requested by this |
| 7 | | stipulation is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, 18 U.S.C. § |
| 8 | | 3161(h)(8)(A), considering the factors under 18 U.S.C. § 3161(h)(8)(B)(i) and (iv)." |
| 9 | October 24, 2004 | Order granting Stipulation to continue trial |
| 10 | | New Trial date set for February 7, 2005 (2:04-cr-00174-JCM-RJJ (Order #30)) |
| 11 | January 24, 2005 | Government files a Motion to Dismiss Count Two of Indictment based on lack of venue in the District of Nevada |
| 12 | | (2:04-cr-00174-JCM-RJJ (#39)) |
| 13 | February 1, 2005 | Parties Stipulate to continue trial |
| 14 | | (2:04-cr-00174-JCM-RJJ (#40)) |
| 15 | | The Stipulation states that "The Government has dismissed Count Two of the Indictment and the parties are involved in plea negotiations which |
| 16 | | might obviate the need for trial in this case.  Counsel for the defendant has spoken to the defendant, and the defendant has no objection to the |
| 17 | | requested continuance.  The defendant is in custody.  Denial of this request for continuance would deny the parties herein sufficient time and the |
| 18 | | opportunity within which to continue with plea negotiations or to be able to effectively and thoroughly research and prepare for trial in this case, |
| 19 | | taking into account the exercise of due diligence.  Additionally, denial of this request for continuance would result in the miscarriage of justice. . . |
| 20 | | .The additional time requested by this stipulation is excludable in computing the time within which the trial herein must commence pursuant |
| 21 | | to the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(A), considering the factors under 18 U.S.C. § 3161(h)(8)(B)(i) and (iv)." |
| 22 | February 4, 2005 | Order granting Stipulation to continue trial |
| 23 | | New Trial date set for April 25, 2005 |
| | | [No Plea Agreement was filed or reached] |
| 24 | | |
| 25 | February 8, 2005 | Court grants Government's Motion to Dismiss Count Two of Indictment (2:04-cr-00174-JCM-RJJ (Order #41)) |
| 26 | April 8, 2005 | Parties Stipulate to continue trial |
| 27 | | (2:04-cr-00174-JCM-RJJ (#43)) |
| 28 | | The Stipulation stated "That the parties are currently engaged in plea negotiations which might obviate the need for trial in this case.  Counsel |

for Rene Oswald Cobar has consulted the defendant, and he agrees that this continuance is necessary.  Defendant is currently in custody.  Denial of this request for continuance of the parties deadline for the filing of pre-trial motions and responsive pleadings would deny the parties herein sufficient time within which to be able to effectively and thoroughly research, prepare and submit for filing appropriate pre-trial motions and notices of defense, taking into account the exercise of due diligence.  Additionally, denial of this request for a continuance could result in a miscarriage of justice.  The additional time requested by this stipulation is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(A), considering the factors under 18 U.S.C. § 3161(h)(8)(B)(i) and (iv)."

April 11, 2005     Order granting Stipulation to continue trial
                   New Motions date set for May 20, 2005
                   New trial date set for June 20, 2005
                   (2:04-cr-00174-JCM-RJJ (Order #43))

                   [No Motions were filed]
                   [No Plea Agreement was reached or filed]

June 10, 2005      Parties Stipulate to continue trial
                   (2:04-cr-00174-JCM-RJJ (#45))

                   The Stipulation stated "The parties are negotiating and hope to come to a resolution in this case.  Counsel for the defendant has spoken to the defendant, and the defendant has no objection to the requested continuance.  The defendant is in custody.  Denial of this request for continuance would deny the parties herein sufficient time and the opportunity within which to be able to continue with negotiations or to effectively and thoroughly research and prepare for trial in this case, taking into account the exercise of due diligence.  Additionally, denial of this request for continuance would result in a miscarriage of justice. . . . The additional time requested by this stipulation is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(F) and § 3161(h)(8)(A), considering the factors under 18 U.S.C. § 3161(h)(8)(B)(i) and (iv)."

June 15, 2005      Order granting Stipulation to continue trial
                   New Trial date set for September 26, 2005
                   (2:04-cr-00174-JCM-RJJ (Order #45))

                   [No Plea Agreement was reached or filed]

August 3, 2005     Parties Stipulate to continue trial
                   (2:04-cr-00174-JCM-RJJ (#46))

                   The Stipulation stated "The parties are continuing with negotiations which might obviate the need for trial.  International witnesses have to be brought in for this trial.  Counsel for the defendant has spoken to the defendant, and the defendant has no objection to the requested continuances.  The defendant is in custody.  Denial of this request for continuance would deny the parties herein sufficient time and the opportunity within which to be able to continue with negotiations or to effectively and thoroughly research and prepare for trial in this case, taking into account the exercise of due

| | | |
|---|---|---|
| 1 | | diligence.  Additionally, denial of this request for continuance would result in a miscarriage of justice. . . . The additional time requested by this stipulation is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(A), considering the factors under 18 U.S.C. § 3161(h)(8)(B)(i) and (iv)." |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | August 4, 2005 | Order granting stipulation to continue trial<br>New trial date set for January 23, 2006<br>(2:04-cr-00174-JCM-RJJ (Order #46)) |
| 6 | | |
| 7 | | [No Plea Agreement was reached or filed] |
| 8 | December 9, 2005 | Defendant files Motion to Dismiss Counsel and Appointment for New Counsel based on a lack of interest, lack of participation, and ineffective effort to carry out the proper motions requested by the defendant<br>(2:04-cr-00174-JCM-RJJ (#47)) |
| 9 | | |
| 10 | December 20, 2005 | U.S. District Court for the District of Columbia Indictment Returned, Charging One Count<br>21 U.S.C. §§ 963, 959 and 960<br>Conspiracy to Distribute Five Kilograms or More of Cocaine Intending and Knowing that the Cocaine would be Unlawfully imported into the United States<br>(District of Columbia case 1:05-cr-00451-RCL-1; see also 2:04-cr-00174-JCM-RJJ, Attachment to Motion to Dismiss (#49)) |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | December 20, 2005 | Bench Warrant Issued by United States Magistrate Judge Facciola |
| 16 | December 21, 2005 | Government files a Motion to Dismiss<br>[No actual Motion to Dismiss filed but two copies of the D.C. Indictment Attached]<br>(2:04-cr-00174-JCM-RJJ (#48)) |
| 17 | | |
| 18 | January 11, 2006 | Government files an Amended Motion to Dismiss without prejudice in order to pursue the matter in the U.S. District Court for the District of Columbia<br>(2:04-cr-00174-JCM-RJJ (#49)) |
| 19 | | |
| 20 | | |
| 21 | January 26, 2006 | Order granting the government's Motion to Dismiss<br>(2:04-cr-00174-JCM-RJJ (Order #54)) |
| 22 | February 3, 2006 | Defendant mails a letter to the Court inquiring why he is still incarcerated when the charges against him were dismissed and his co-defendant was released [letter dated February 1, 2006]<br>(2:04-cr-00174-JCM-RJJ (#53)) |
| 23 | | |
| 24 | | |
| 25 | May 17, 2006 | Defendant mails a letter to the Court asserting his right to a speedy trial [letter dated May 5, 2006]<br>(2:04-cr-00174-JCM-RJJ (#55)) |
| 26 | | |
| 27 | | ***District of Columbia Indictment*** |
| 28 | May 16, 2006 | Defendant has Arraignment/Initial Appearance and enters Plea of not guilty |

| | | |
|---|---|---|
| 1 | | (1:05-cr-00451-RCL-1 Minutes of Proceedings May 16, 2006) |
| | | Government files a Motion to Detain Cobar |
| 2 | | (1:05-cr-00451-RCL-1 (#9)) |
| | | Detention hearing set for May 22, 2006 |
| 3 | | (1:05-cr-00451-RCL-1 Minutes of Proceedings May 16, 2006) |
| | | [Defendant Arrested in the District of Nevada and transported to the |
| 4 | | District of Columbia] |
| 5 | May 22, 2006 | Detention Hearing |
| | | (1:05-cr-00451-RCL-1 Minutes of Proceedings May 22, 2006) |
| 6 | | |
| | May 31, 2006 | Order granting Motion to Detain Defendant |
| 7 | | (1:05-cr-00451-RCL-1 Order (#14)) |
| 8 | July 31, 2006 | Cobar moves to dismiss indictment for lack of venue |
| | | (1:05-cr-00451-RCL-1 Motion to Dismiss for Lack of Venue (#21)) |
| 9 | | |
| | November 9, 2006 | Motion to Dismiss granted, but stayed for 20 days in order to give the |
| 10 | | United States the opportunity to seek a further stay from the Court of |
| | | Appeals for the District of Columbia |
| 11 | | (1:05-cr-00451-RCL-1 Order (#32)) |
| 12 | November 14, 2006 | Government filed a Notice of Appeal in the United States Court of |
| | | Appeals for the District of Columbia |
| 13 | | (1:05-cr-00451-RCL-1 (#33)) |
| 14 | November 17, 2006 | Government filed a Motion for Extension of Time to Seek Stay from |
| | | Court of Appeals |
| 15 | | (1:05-cr-00451-RCL-1 (#34)) |
| 16 | November 21, 2006 | Order granting the government's Motion for Extension of Time (#34), |
| | | ordering that the Court's stay shall be extended two weeks, up to and |
| 17 | | including December 13, 2006 |
| | | (1:05-cr-00451-RCL-1 (#36)) |
| 18 | | |
| 19 | December 13, 2006 | Department of Justice filed a new criminal complaint against Cobar and |
| | | Gonzales in the District of Nevada charging the defendants with |
| 20 | | Conspiracy to distribute cocaine in violation of 21 U.S.C. § 846.  The |
| | | government abandoned the appeal and pursued the charges against the |
| 21 | | defendants in the District of Nevada. |
| 22 | | ***2nd District of Nevada Indictment*** |
| 23 | January 24, 2007 | Four Count indictment returned against Cobar. |
| | | Count 1: 21 U.S.C. §§ 952, 960, 963 |
| | | Conspiracy to Import Five Kilograms or More of Cocaine |
| 24 | | Count 2: 21 U.S.C. §§ 952, 960, 963 |
| | | Conspiracy to Import Five Kilograms or More of Heroine |
| 25 | | Count 3: 21 U.S.C. §§ 846, 841(a)(1) |
| | | Conspiracy to Distribute or Possess with Intent to Distribute Five |
| 26 | | Kilograms or More of Cocaine |
| | | Count 4: 21 U.S.C.§§ 846, 841(a)(1) |
| 27 | | Conspiracy to Distribute or Possess with Intent to Distribute One |
| | | Kilogram or More of Heroin |
| 28 | | (Indictment (#1)) |

| | | |
|---|---|---|
| January 24, 2007 | Bench Warrant Issued by United States Magistrate Judge Leen |
| March 12, 2007 | Defendant arrested while in custody in D.C. awaiting results of appeal on Case 1:05-cr-00451-RCL-1, and transferred to the District of Nevada (Warrant Returned Executed (#10)) |
| March 12, 2007 | Defendant has Initial Appearance/Arraignment/Detained in the District of Nevada<br>The case was designated as complex<br>Trial Date set for May 21, 2007<br>(Minutes of Proceedings Initial App./Arraignment & Plea (#7)) |

**DISCUSSION**

**I. Speedy Trial**

*Speedy Trial Act*

The Speedy Trial Act provides that a defendant must be tried within 70 days from the filing date of the indictment, "or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Here, the defendant appeared before a judicial officer of the United States District Court, District of Nevada, on March 12, 2007. The defendant's trial is scheduled to commence on May 21, 2007, within the 70 days mandated by the Speedy Trial Act.

> Certain rules are well established regarding the computation of excludable time where there is a new case and a new indictment. When some or all of the counts of an indictment are dismissed upon government motion and the government thereafter files a new indictment for the same conduct, the seventy day clock is deemed to run from the date it commenced with respect to the original indictment until the date of dismissal, subject to any statutory exclusions.

U.S. v. Hoslett, 998 F.2d 648, 658 (9th Cir. 1993), citing U.S. v. Arkus, 675 F.2d 245, 247 (9th Cir. 1982), *overruled on other grounds*, U.S. v. Rojas-Contreras, 474 U.S. 231 (1985). However, "if a trial judge grants a defendant's motion to dismiss, and the government reindicts the defendant on the same offense, the Act's seventy-day clock begins anew." U.S. v. Karsseboom, 881 F.2d 604, 606 (9th Cir. 1989), citing U.S. v. Feldman, 788 F.2d 544, 548 (9th Cir. 1986).

Here, the District of Columbia dismissal was initiated by the defendant, while the original indictment filed in the District of Nevada was dismissed based upon the government's motion. The only charge that is identical to any of the charges in the initial indictment is the Conspiracy to Distribute a Controlled Substance containing cocaine. Since the government, not the

- 7 -

1   defendant moved to dismiss this charge, the Speedy Trial analysis must begin from the date of

2   the initial indictment.  However, the time period is tolled from the dismissal of the previous

3   charge until the reindictment.  See 18 U.S.C. § 3161(h)(6).

4           The defendant first appeared before a judicial officer on the charge alleging a Conspiracy

5   to Distribute a Controlled Substance containing cocaine on May 21, 2004.  At this time the

6   Speedy Trial Act clock began to run as to that charge.  Both parties stipulated to continue the

7   trial, in order to effectively and thoroughly investigate the case, research, adequately prepare and

8   submit for filing appropriate pretrial motions, and to adequately prepare for trial, until February

9   7, 2005.  This time is excludable for Speedy Trial purposes.  18 U.S.C. § 3161(h)(8)(A); see also

10  18 U.S.C. § 3161(h)(8)(B).  The remaining continuances were issued for the purpose of plea

11  negotiations, to effectively and thoroughly research, prepare and submit for filing appropriate

12  pre-trial motions and notices of defense, and to effectively and thoroughly research and prepare

13  for trial.  On May 9, 2007, the defendant testified at the hearing on the motion to dismiss that he

14  told his attorney that he did not want a deal and wanted to go to trial.  Nonetheless, the

15  stipulation to continue states that the time is excludable in computing the time within which the

16  trial must commence pursuant to the Speedy Trial Act considering factors under 18 U.S.C. §

17  3161(h)(8)(B)(i) and (iv).  18 U.S.C. § 3161(h)(8)(B)(i) and (iv) state two factors that a judge

18  shall consider in determining whether to grant a continuance which would be excludable under

19  the act.  First, "[w]hether the failure to grant such a continuance in the proceeding would be

20  likely to make a continuation of such proceeding impossible, or result in a miscarriage of

21  justice."  18 U.S.C. § 3161(8)(B)(i).  Second, "[w]hether the failure to grant such a continuance

22  in a case which, taken as a whole is not so unusual or so complex as to fall within clause (ii),

23  would deny the defendant reasonable time to obtain counsel, would unreasonably deny the

24  defendant or the Government continuity of counsel, or would deny counsel for the defendant or

25  the attorney for the Government the reasonable time necessary for effective preparation, taking

26  into account the exercise of due diligence."  18 U.S.C. § 3161(8)(B)(iv).  The Ninth Circuit has

27  specifically held that when computing time under the Speedy Trial Act, "negotiation of a plea

28  bargain is not one of the factors supporting exclusion."  U.S. v. Ramirez-Cortez, 213 F.3d 1149,

1   1156 (9th Cir. 2000).  Further, the defendant's counsel did not file any pre-trial motions other

2   than joining in the co-defendant's motion to dismiss.  Also, the government represented to this

3   Court at the hearing on the Motion to Dismiss that the purposes of the continuances were to

4   negotiate a plea agreement.  Therefore, the time from February 7, 2005 until the initial indictment

5   was dismissed on February 21, 2006, is not excludable in computing the time for purposes of the

6   Speedy Trial Act.

7        Since the speedy trial clock was running from February 7, 2005 until January 26, 2006,

8   and began to run again on March 12, 2007, the 70 day time period in the Speedy Trial Act has

9   been violated as to the charge in Count Three of the current indictment alleging Conspiracy to

10  Distribute a Controlled Substance, cocaine.  In this case 418 non-excludable days have elapsed

11  since the date of the initial indictment charging the defendant with Conspiracy to Distribute a

12  Controlled Substance, cocaine. Therefore, Count Three of the indictment should be dismissed

13  with prejudice.

14       The Speedy Trial Act states that "[i]n determining whether to dismiss the case with or

15  without prejudice, the court shall consider, among others, each of the following factors: the

16  seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and

17  the impact of a reprosecution on the administration of this chapter and on the administration of

18  justice."  18 U.S.C. § 3162(a)(2).  Although the offense charged is serious, due to the fact that the

19  defendant has been incarcerated for three years without a trial and the fact that a re-prosecution

20  would circumvent the purposes of the Speedy Trial Act dismissal should be with prejudice.

21  However, the other three counts are all new charges against the defendant.  "[A]fter an

22  indictment is dismissed either with or without prejudice, a defendant may be prosecuted for

23  offenses that are separate and distinct from the offenses charged in the dismissed indictment,

24  even if those offenses all arose out of the same underlying facts."  U.S. v. Brown, 183 F.3d 1306,

25  1310 (11th Cir. 1999), citing U.S. v. Derose, 74 F.3d 1177, 1182-84 (11th Cir. 1996); U.S. v.

26  Stricklin, 591 F.2d 1112, 1120 (5th Cir. 1979).  Therefore, the Speedy Trial Act clock began to

27  run for the remaining three counts on March 12, 2007.  Since the trial is scheduled to commence

28  on May 21, 2007 there has not been a violation of the Act as to the remaining charges.

1    Nonetheless, the time from the original indictment is relevant when determining whether there

2    has been a Sixth Amendment violation.

3                          ***Sixth Amendment Speedy Trial Clause***

4          "The Sixth Amendment guarantees that, 'in all criminal prosecutions, the accused shall

5    enjoy the right to a speedy . . . trial . . . .'" Doggett v. U.S., 505 U.S. 647, 651 (1992).  In

6    MacDonald, the Supreme Court rationalized that the Speedy Trial guarantee is designed to

7    minimize the possibility of lengthy incarceration prior to trial.  U.S. v. MacDonald, 456 U.S. 1, 9

8    (1982).  Here, the defendant had a formal indictment filed against him on May 5, 2004 and has

9    been incarcerated from May 21, 2004 until the present.  Cobar has been in custody for almost

10   three years, and charges have been pending against him for over three years.  Although the Ninth

11   Circuit has held that once an indictment is dismissed, since the defendant is "not subject to trial,

12   [the] Sixth Amendment right to a speedy trial [has] no application . . . [,]" this case is

13   distinguishable because the defendant has been incarcerated since the initial indictment and has

14   at all times been subject to pending charges based on the same conduct.  U.S. v. Wallace, 848

15   F.2d 1464, 1469 (9th Cir. 1988).

16         The breadth of the Speedy Trial Clause has been narrowed to take into consideration (1)

17   whether delay before trial was uncommonly long, (2) whether the government or the criminal

18   defendant is more to blame for that delay, (3) whether the defendant asserted his right to a speedy

19   trial, and (4) whether he suffered prejudice as a result of the delay.  Doggett v. U.S., 505 U.S.

20   647, 651 (1992), citing Barker v. Wingo, 407 U.S. 514, 530 (1972).  In order "to trigger a speedy

21   trial analysis, an accused must allege that the interval between accusation and trial has crossed

22   the threshold dividing ordinary from 'presumptively prejudicial' delay . . . ."  505 U.S. at 652,

23   citing Barker, 407 U.S. at 530-31.  If this showing has been made, the court must consider "the

24   extent to which the delay stretches beyond the bare minimum needed to trigger judicial

25   examination of the claim."  505 U.S. at 652.  Once the defendant "show[s] that the period

26   between indictment and trial passes a threshold point of 'presumptively prejudicial[,]'" generally

27   delays approaching one year, then the Court will "proceed to the other Barker factors."  U.S. v.

28   Gregory, 322 F.3d 1157, 1161 (9th Cir. 2003).

1    *Length of the Delay*

2         In this case, the delay between the indictment and trial has been over three years, and the

3    trial has not yet occurred.  Since a period approaching one year is "presumptively prejudicial,"

4    this Court must apply the Barker factors and do a balancing to determine if in fact Cobar's

5    Constitutional rights have been violated.  The Ninth Circuit has found a delay of 22 months was

6    "not excessively long" and did "not weigh heavily" in the defendant's favor.  Gregory, 322 F.3d

7    at 1162.   Further, the Ninth Circuit has stated that "the delay that can be tolerated for an ordinary

8    street crime is considerably less than for a serious, complex conspiracy charge."  U.S. v. Lam,

9    2001 Cal. Daily Op. Service 7299, *11 (9th Cir. 2001).  This case has been designated as

10   complex, involving numerous wire taps and conduct that occurred in a foreign jurisdiction.

11   Under these circumstances although the delay is three years, it is not excessively long.  Therefore

12   this factor does not weigh heavily in Cobar's favor.  However, "none of the four factors

13   identified . . . [are] either a necessary or sufficient condition to the finding of a deprivation of the

14   right of speedy trial.  Rather, they are related factors and must be considered together with such

15   other circumstances as may be relevant."  Barker, 407 U.S. at 533.

16   *Blame for the Delay*

17        The government argues that the majority of the delay was due to continuances requested

18   by the defendant or agreed to by the defendant.  However, the defendant testified that he asserted

19   his right to a speedy trial on several occasions to his court appointed attorney, as well as in two

20   letters he sent to the Court.  "These assertions, however, must be viewed in light of [the

21   defendant's] other conduct."  U.S. v. Hawk, 474 U.S. 302, 314 (1986).

22        The defendant moved to dismiss Todd Leventhal, Esq. as his counsel on December 9,

23   2005.  See Doc. #47, Case 2:04-cr-00174-JCM-RJJ.  However, the defendant testified that he did

24   not ask for Leventhal to file a motion to dismiss based upon his Constitutional right to a speedy

25   trial.  It is also significant that the defendant did not assert his right to a speedy trial at anytime

26   during the proceedings in D.C.  Although the defendant asserted that he did not raise the speedy

27   trial issue because he was pursuing the lack of venue issue, the Court is unpersuaded.  The

28   defendant could have filed the motion to dismiss for a violation of his right to a speedy trial after

1   or at the same time as filing the motion to dismiss based upon lack of venue. However, the

2   defendant did not attempt to do so, but rather argued that he should be tried in the District of

3   Nevada. Cobar did not assert his rights, but instead waited for a period of nearly one year. The

4   defendant only articulated his right to a speedy trial to this Court after the action was dismissed

5   in the District of Nevada, and never asserted it in the District of Columbia. Therefore, in this

6   case, like in Lam, "the delay . . . rest[s] squarely on the shoulders of [Cobar's] court-appointed

7   trial counsel, [Todd Leventhal], and not upon the government. . . . In attributing responsibility to

8   [Cobar's] counsel, we also find under the facts of this case that such responsibility rightfully

9   accrues to [Cobar]." U.S. v. Lam, 2001 Cal. Daily Op. Service 7299, *13 (9th Cir. 2001). There

10  is no evidence of egregious conduct on the part of Leventhal.

11          ***Assertion of Right to Speedy Trial***

12          Here, the defendant asserted his right to a speedy trial. The defendant testified that he

13  told his previous counsel that he wanted a speedy trial and that he did not want to negotiate a plea

14  with the government. Further, the defendant testified that he wrote two letters to the Court. See

15  Case 2:04-cr-00174-JCM-RJJ (#53 & #55). In the letter that was written on May 5, 2006 and

16  received by this Court May 17, 2006, the defendant did assert his right to a speedy trial. See

17  Case 2:04-cr-00174-JCM-RJJ (#55). Nevertheless, as previously discussed the defendant's

18  actions were inconsistent and contributed to the delay in this case.

19          ***Prejudice Resulting from the Delay***

20          "Actual prejudice is typically demonstrated in three ways: 'oppressive pretrial

21  incarceration, anxiety and concern of the accused, and the possibility that the [accused's] defense

22  will be impaired.'" U.S. v. Gregory, 322 F.3d 1157, 1163 (9th Cir. 2003), citing Doggett v. U.S.,

23  505 U.S. 647, 654 (1992) (internal quotation marks and citations omitted); U.S. v. Beamon, 992

24  F.2d 1009, 1014 (9th Cir. 1993). Cobar asserts that because of his incarceration his marriage and

25  relationship with his daughter have ended. The Supreme Court has noted that there are "societal

26  disadvantages of lengthy pretrial incarceration . . . ." Barker v. Wingo, 407 U.S. 514, 532 (9th

27  Cir. 1972). Jail time affects a defendant's job, family life, and ability to prepare his defense. 407

28  U.S. at 532. "Imposing those consequences on anyone who has not yet been convicted is

serious." 407 U.S. at 532.  Cobar also contends that his ability to defend himself has been

irrevocably destroyed due to the loss of key witnesses needed for the defense of entrapment.

Although witnesses' memories may fade, the defendant is safeguarded from suffering this

prejudice by the statute of limitations.  U.S. v. Doe, 149 F.3d 945, 948 (9th Cir. 1998).  Further,

"[g]eneralized assertions of the loss of memory, witnesses, or evidence are insufficient to

establish actual prejudice."  U.S. v. Manning, 56 F.3d 1188, 1194 (9th Cir. 1995).  The inability

to locate key witnesses is a generalized prejudice that the defendant has not demonstrated with

the requisite particularity.

Balancing the length of the delay against the reasons for the delay in this case does not

warrant dismissal.  Although the defendant has suffered prejudice, the fact that he did not move

to dismiss the case based on a violation of the right to a speedy trial until April 3, 2007 weighs in

favor of allowing the prosecution to go forward.  Moreover, since the actions of his counsel are

attributable to Cobar, much of the delay in this case was to the defendant's benefit in an effort to

prepare for a complex international drug case.  Further, the government did not act with bad

faith, nor with the requisite negligence warranting dismissal.  Since the government has acted

with good faith and due diligence in prosecuting this case in the interest of justice, the Motion to

Dismiss as to the three remaining counts should be denied.

**RECOMMENDATION**

Based on the foregoing and good cause appearing therefore,

IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that the

Defendant's Motion to Dismiss Indictment for Unreasonable Delay or Alternatively Motion for

Bond Pursuant to 18 U.S.C. 3145(c) (#17) be **GRANTED IN PART AND DENIED IN PART**.

IT IS FURTHER RECOMMENDED that the Defendant's Motion to Dismiss Indictment

for Unreasonable Delay or Alternatively Motion for Bond Pursuant to 18 U.S.C. 3145(c) (#17)

be **GRANTED** as to Count Three, the charge alleging Conspiracy to Distribute a Controlled

Substance, cocaine.

1    IT IS FURTHER RECOMMENDED that the Defendant's Motion to Dismiss Indictment

2  for Unreasonable Delay or Alternatively Motion for Bond Pursuant to 18 U.S.C. 3145(c) (#17)

3  be **DENIED** as to the three remaining Counts.

4                                            **ORDER**

5    IT IS HEREBY ORDERED that the Motion for Bond Pursuant to 18 U.S.C. 3145(c),

6  contained in the Motion to Dismiss (#17), is under the jurisdiction of the district judge and

7  therefore, is referred to the Hon. James C. Mahan, for review and resolution.

8                                            **NOTICE**

9    Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must**

10 **be in writing and filed with the Clerk of the Court on or before May 29, 2007**.  The Supreme

11 Court has held that the courts of appeal may determine that an appeal has been waived due to the

12 failure to file objections within the specified time.  Thomas v. Arn, 474 U.S. 140, 142 (1985).  This

13 circuit has also held that (1) failure to file objections within the specified time and (2) failure to

14 properly address and brief the objectionable issues waives the right to appeal the District Court's

15 order and/or appeal factual issues from the order of the District Court.  Martinez v. Ylst, 951 F.2d

16 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

17    DATED this 16th day of May, 2007.

18

19

20 _____
    ROBERT J. JOHNSTON
21   United States Magistrate Judge

22

23

24

25

26

27

28