**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>                              )<br>            Plaintiff,      )<br>                              )<br>vs                            )<br>                              )<br>RENE OSWALD COBAR,            )<br>                              )<br>            Defendant,.    )<br>_____) | 2:07-cr-0014-JCM-RJJ |

**ORDER**

Presently before the court is a letter regarding the denial of a 28 U.S.C. § 2255 petition by Luis A. Gonzalez-Largo filed on August 15, 2012. (Doc. # 378). The court denied the § 2255 petition. (Doc. # 375). From the letter it appears that petitioner believes the court denied his § 2255 petition because he failed to file a reply. (*See* doc. # 378). Petitioner asks the court to "take this letter under advisement and return confirmation of retracting order issued." (Doc. # 378). The court will construe this letter as both a motion to reconsider the denial of the § 2255 petition and a motion seeking a certificate of appealability.

**I.      Reconsideration of the denial of the § 2255 petition**

When reviewing a motion to reconsider the denial of a 2255 petition, the district court should consider any new evidence, change in law, clear error, or manifest injustice. *See Culler v. Board of Prison Terms*, 405 Fed.Appx. 263, 264 ("The district court also did not abuse its discretion when denying Culler's motions for reconsideration since Culler did not identify any new evidence, change in law, clear error, or manifest injustice.") (discussing § 2254 habeas petitions).

In petitioner's letter, he correctly states that "in the very first paragraph" denying his § 2255 petition the court stated that petitioner "failed to file a replay [sic]." (Doc. # 378.) Petitioner then devotes the remainder of the letter explaining that he was not late in filing a reply. (*See* doc. # 378). In the court's order denying the § 2255 petition, the court did not deny the petition because petitioner did not file a non-mandatory reply. Rather, the court dedicates over three pages of discussion and

clearly denies each of petitioner's four claims raised in the § 2255 on their respective merits. (*See* doc. # 375). Simply, the court denied the § 2255 on its merits, and not because of the omission of a reply. The court denies the motion to reconsider the § 2255 petition.

## II.     Certificate of appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts states that "[a] motion to reconsider a denial does not extend the time to appeal." Rule 11(b) then states that "Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules." Under Rule 4(a) of the Federal Rules of Appellate Procedure, petitioner's window to file a notice of appeal has not yet closed.

The order denying the § 2255 petition is silent on the issue of a certificate of appealability. Before the petitioner can appeal the denial of a § 2255 motion, a certificate of appealability must issue. *See* 28 U.S.C. § 2253. Further, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate of appealability must "indicate which specific issue or issues satisfy" the requirement, 28 U.S.C. § 2253(c)(3). To make this substantial showing, petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petitioner should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Petitioner has failed to make a substantial showing of the denial of a constitutional right for all the reasons clearly articulated in the denial of the § 2255 petition. (*See* doc. # 375). The letter presently before the court (doc. # 378) only raises the issue of the court not considering petitioner's reply. However, the court not considering a non-mandatory reply in a § 2255 petition does not constitute the denial of a constitutional right. A certificate of appealability is denied.

. . .

. . .

. . .

. . .

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that petitioner's letter construed as a motion to reconsider and a motion seeking a certificate of appealability (doc. # 378) be, and the same hereby is, DENIED.

DATED September 6, 2012.

_____
UNITED STATES DISTRICT JUDGE