# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff(s),<br><br>v.<br><br>RENE OSWALD COBAR,<br><br>   Defendant(s). | 2:07-CR-14 JCM (PAL) |

# ORDER

Presently before the court is pro se and incarcerated defendant Luis Angel Gonzalez-Largo's motion pursuant to Federal Rule of Civil Procedure 60(b). (Doc. # 385). The government filed a response in opposition. (Doc. #387).

On February 19, 2009, defendant Gonzalez-Largo was convicted of conspiring to import five kilograms or more of cocaine in violation of 21 U.S.C. § 952. This court sentenced defendant to 235 months and five years of supervised release. Mr. Gonzalez-Largo filed a timely appeal, and the Ninth Circuit affirmed both his conviction and sentence on June 8, 2011. *See United States v. Gonzalez-Largo*, 436 F.App'x 819 (9th Cir. 2011).

Additionally, Mr. Gonzalez-Largo joined co-defendant Rene Cobar's appeal of this court's denial of a motion for a new trial. The Ninth Circuit affirmed this court's ruling on February 21, 2012. *United States v. Cobar*, No. 09-10322, 2012 WL 542822 (9th Cir. Feb. 21, 2012).

The defendant then timely filed a motion pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence alleging that his counsel rendered ineffective assistance. (Doc. # 357). The

**James C. Mahan**
**U.S. District Judge**

1   government filed a response in opposition.  (Doc. # 370).  This court then entered an order denying
2   the § 2255 petition.  (Doc. # 375).  The very next day, Mr. Gonzalez-Largo's reply in support of his
3   § 2255 petition was received and docketed by the clerk's office.  (Doc. # 376).

4       The defendant then filed this motion pursuant to Federal Rule of Civil Procedure 60(b)
5   seeking relief.  (Doc. # 385).  The defendant argues that this court should vacate its prior denial of
6   the § 2255 petition and "properly consider" his reply that was filed the day after the order.  Mr.
7   Gonzalez-Largo argues that relief is appropriate under Rule 60(b)(1)–mistake, inadvertence, surprise,
8   or excusable neglect–or under Rule 60(b)(6)–any other reason justifying relief from the judgment.

9       The government argues that this court should deny Mr. Gonzalez-Largo's motion because
10  (1) it lacks merit and (2) the reply does not address any issues raised in the government's response
11  or raise any new arguments.  The court agrees with the government and will further decline to issue
12  a certificate of appealability.

13      The government correctly argues that replies are permissive and that the local rules governing
14  § 2255 petitions do not permit a reply brief as a matter of right.  In the order setting a briefing
15  schedule, this court did not establish a date for a reply brief or state that one could be filed.  (*See* doc.
16  # 358).

17      Next, Rule 60(b) permits courts to correct judgments due to mistakes.  There must be an
18  error.  This court considered all of Mr. Gonzalez-Largo's arguments in his § 2255 petition and the
19  government's responses.  The court did not make a mistake or error.  Further, Mr. Gonzalez-Largo
20  does not say how the court made a mistake in its application of the law to his claims.  He fails to give
21  a specific example of a "mistake" in this court's reasoning in its denial of the § 2255 petition.  He
22  only argues that this court made a mistake by not waiting on his permissive, non mandatory, reply
23  brief.

24      The court has reviewed the reply brief.  (Doc. # 376).  The reply brief does not raise any new
25  arguments.  It makes the exact same arguments as the opening petition.  The reply fails to respond
26  to the arguments made by the government or allege specific facts of ineffective assistance of counsel.
27  The reply makes the same conclusory allegations raised in the opening petition.  The reply would

28

**James C. Mahan**
**U.S. District Judge**

1  not have been helpful in the court's analysis, and it is not helpful now.

2  Finally, this court has already construed a letter raising this exact argument as a motion and
3  denied it.  (*See* doc. # 379).  The court stated that it "denied the § 2255 petition on the merits, and
4  not because of the omission of a reply."  (*Id.*).  Also in that order, the court denied a certificate of
5  appealability because petitioner made a substantial showing of the denial of a constitutional right.
6  The court again declines a certificate of appealability.

7  Accordingly,

8  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Luis A. Gonzalez-Largo's
9  motion pursuant to Rule 60(b) (doc. #385) be, and the same hereby, is DENIED.

10  DATED March 15, 2013.

                                    _____
                                    UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -